PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2005 Ford Free Style struck a barrel on State Route 892 in Wood County. State Route 892 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 4:00 p.m. on April 1, 2008. State Route 892 is a paved, two-lane road with one lane traveling in each direction. Claimant testified that she was driving on State Route 892 when her vehicle struck a barrel. The wind blew the barrel in front of her vehicle, and she was unable to avoid it. She stated that there were between three to four barrels along the side of the road that were not secured with weights. Claimant travels this road on a daily basis and had noticed that the barrels were unsecured for approximately one week prior to this incident. She notified Respondent and was informed that a contractor might have been responsible for the barrels at this location. The contractor *150 informed her that the barrels were the responsibility of Respondent.
The position of Respondent is that it did not have actual or constructive notice of the barrel that rolled in front of Claimant’s vehicle on State Route 892. Steve Carson, Plighway Administrator for Respondent in Wood County, testified that he is familiar with the area where Claimant’s incident occurred. He stated that a contractor was working on the new Blennerhassett bridge across the Ohio River. He testified that Respondent has inspectors that ensure that the contractors perform the work to Respondent’s specifications. He stated that the barrels at this location belonged to the contractor.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the barrel which Claimant’s vehicle struck on State Road 892. The Court finds that the plastic barrels located along the side of the road were not adequately secured to prevent a hazard to the traveling public. Although a contractor was responsible for the work performed at this location, the Respondent had inspectors on site to oversee the work of the contractor. The fact that wind may have blown the barrels loose is a foreseeable event and should have been considered. Since the loose barrel was the proximate cause of the damages sustained to Claimant’s vehicle, the Court concludes that Respondent was negligent. However, the Claimant has not been able to produce documentation establishing damages to the vehicle. Since the Court cannot speculate to damages in the above stated claim, the Claim will be denied.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to deny the Claim.
Claim disallowed.